# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MICHAEL DONALDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| **SPIRE ALABAMA, INC.; and SPIRE, INC.** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

### STATEMENT OF JURISDICTION

1. This is a suit authorized and instituted pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; 42 U.S.C. § 12101, et seq., known as Title I of the Americans with Disabilities Act (ADA); and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. This Court has original jurisdiction, pursuant to 28 U.S.C. §1331, as this civil action arises under the laws of the United States cited above. This Court also has original jurisdiction, pursuant to 28 U.S.C. §1343(a); as this civil action seeks to secure the protection of, and redress the deprivation of, rights secured by the ADEA, ADA and Section 504, providing for injunctive and other relief against discrimination.

3. Venue is proper in this district, pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Alabama, located in this judicial district.

4. Plaintiff Michael Donaldson has fulfilled all conditions precedent to the institution of this action, as required. Plaintiff timely filed a charge of discrimination (Charge No. 420-2019-02575) within 180 days of the latest occurrence of the discriminatory acts complained of therein. A formal Notice of Right to Sue was mailed on April 20, 2020, and received by the Plaintiff on April 22, 2020.

## STATEMENT OF THE PARTIES

5. Plaintiff Michael Donaldson (hereinafter referred to as "Plaintiff" or "Donaldson") is an American male over the age of forty (40) years. Plaintiff is an individual with a disability, has a history of a disability, and is regarded by Defendants as disabled. Despite this disability, with or without reasonable accommodation, Plaintiff could perform the essential functions of his position. Consequently, Plaintiff is a qualified individual with a disability under the ADA and §504 of the Rehabilitation Act.

6. Defendants Spire Alabama, Inc. and Spire, Inc. (hereinafter collectively called "Spire" or "Defendants"), are entities subject to suit under the ADEA, ADA, and Section 504. Defendants are employers that engage in an industry affecting commerce and have 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

## STATEMENT OF THE FACTS

7. Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and affect as if fully set forth herein and further states as follows:

8. Plaintiff is fifty-nine (59) years old.

9. Plaintiff has worked for Spire for more than fourteen (14) years.

10. In or around 2014 or 2015, a man by the name of Rob Wall became Plaintiff's

2

immediate supervisor. Shortly after Wall was made Plaintiff's supervisor, Plaintiff received the first disciplinary action that he had ever been given with the company. The disciplinary action was without merit.

11. Plaintiff is several years older than Wall and many other people he worked with. Soon after Wall became Plaintiff's supervisor, he began calling Plaintiff "Old Man" and "Geritol" on a daily basis. Wall's name calling continued every day until April of 2019 when he was transferred.

12. Plaintiff complained about Wall's derogatory and discriminatory comments to HR on multiple occasions, including in or near May of 2018, but he did so again in the latter part of 2018, in or near September, because Wall continued to call him the aforementioned names and it only grew worse.

13. Plaintiff was told by HR that they'd look into it but he was still forced to work under Wall. It was a very traumatic experience to Plaintiff as he was humiliated in front of his peers on a daily basis.

14. In September of 2018, Wall told Plaintiff that he going to fire him and that Plaintiff would never be able to find another job because Plaintiff was "too fucking old". When Plaintff complained to Wall and told him not to talk to him like that, Wall told Plaintiff to go home and beat his wife because Plaintiff 'has [age-related sexual] problems with women" so that was just about the only thing Plaintiff could do with a women. Wall's comments were hurtful, embarrassing and humiliating to Plaintiff.

15. Wall's treatment of Plaintiff progressively grew worse after he found out Plaintff reported him to HR. Wall would threaten Plaintiff's job on a daily basis and call him "old" names.

Wall frequently excluded Plaintiff from meetings and gave directives to Plaintiff's younger helper although Plaintiff was the Lead man.

16. Wall undermined Plaintiff's position on a daily basis due to Plaintiff's age.

17. Wall made Plaintiff's life a living hell every day Plaintiff was forced to work under him. It was a hostile work environment. Even though Plaintiff had witnesses, Plaintiff was amazed that Spire forced him to continue to work with Wall, even after complaining about the discriminatory and retaliatory treatment.

18. Plaintiff's treatment was so bad and was allowed to continue unchecked for so long that he was forced to see a therapist for his mental health.

19. After Plaintiff complained to the company about his treatment, Plaintiff's other supervisor, Shay, began treating him with suspicion and hostility as well. Shay began to give Plaintiff disciplinary actions or say he was being insubordinate in an effort to get Plaintiff sent home or terminated.

20. However, when other employees who had not complained about discrimination/retaliation did major infractions, including fighting while on the job, they were not disciplined or sent home without pay as Plaintiff had been. However, those employees were also younger than Plaintiff.

21. In late 2017, Plaintiff had to have surgery. Plaintiff was ordered on light duty by his doctor and he made the company aware - Plaintiff further made the company aware that he was diagnosed with diabetes. However, despite placing the company on notice and requesting an accommodation, Wall forced Plaintiff to perform hard labor including painting and pressure washing a parking lot. Wall's actions further aggravated Plaintiff's injury and the pain and adverse affects

linger to this day - Wall's acts were a willful failure to accommodate Plaintiff's disability that affected Plaintiff moving his arms and lifting or holding things, ie major life activities. At no time after Plaintiff requested an accommodation was one given to him. Plaintiff continued to seek an accommodation on at least a monthly basis.

22. In or near April, 2019, Plaintiff was finally told by HR that an investigation had been completed and that based on their investigation they concluded Plaintiff had indeed been discriminated against and faced retaliation because of his age. However, after Spire HR told Plaintiff they found merit to his complaints, Plaintiff heard nothing more.

23. Plaintiff has been aggrieved because of his age and disability and he was not properly protected from the retaliation and retaliatory hostile work environment after he engaged in protected activity.

24. More specifically, in May, 2018, Plaintiff complained to Spire HR about the discrimination he was experiencing from his immediate supervisor that had been occurring on a daily basis for over a year and was continuing even to that day. After he complained, Spire failed to promptly address or attempt to remediate the active discrimination occurring by one of their supervisors. Rather, because he did not hear anything and the discrimination was ongoing, Plaintiff was forced to reach back out to Spire HR in September, 2018, some four (4) months later, where he explained the discrimination was ongoing and only had grown worse. Plaintiff was desperate for some form of intervention by the company.

25. Even after complaining again in September, 2018, Spire was slow to move to address the ongoing discrimination. However, Plaintiff was made aware that Wall had found out he complained.  Wall increased his discriminatory comments toward Plaintiff and started

communicating with Plaintiff's helper instead of Plaintiff when it related to work instructions. At no point in time did Spire attempt to intervene or even transfer Plaintiff to a different supervisor.

26.     Plaintiff continued to suffer through the discriminatory and retaliatory treatment on a daily basis until Spire finally reached out to Plaintiff on or near February 25, 2019, some ten (10) months after Plaintiff attempted to get help from Spire.  On that day, Spire informed Plaintiff that they had found merit to his complaints.  However, Plaintiff was still forced to remain under Wall's purview.  It was not until April, 2019, almost a year after he complained to HR, that Spire finally and merely "transferred" Wall to a different location.  Then, after Wall was transferred, Plaintiff began experiencing retaliation from Shay, his other supervisor, who began to treat Plaintiff with suspicion, intense scrutiny of his work performance, and began to write unwarranted disciplinary actions in an attempt to set Plaintiff up for termination or force him to leave because he had complained on Wall.

27.     These discriminatory and retaliatory acts have significantly affected Plaintiff's life in the worst of ways and continue to this day.  Plaintiff still has disciplinary write-ups and other negative marks in his personnel file from Wall and Shay that have not been removed and have irreparably hurt his reputation with the company and prospects for promotions, raises, or transfers.

28.     Plaintiff has suffered extreme harm including, but not limited to, loss of employment opportunities, pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

**COUNTS I & II**
**Count I - Age Discrimination - Disparate Treatment**
**Count II - Age Discrimination - Harassment**
**Pursuant to 29 U.S.C. § 621, et seq.**
**All Defendants**

29.     Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set forth herein and further states as follows:

6

30. Plaintiff is fifty-nine (59) years old.

31. Plaintiff had been an employee of Defendants for over fourteen (14) years.

32. Plaintiff began experiencing discrimination when Rob Wall became his supervisor and immediately began referring to Plaintiff as "old man" and "geritol". Plaintiff told Wall that he needed to stop but Wall continued. Wall did not call other employees younger than the age of forty the names that he used toward Plaintiff. Wall's discriminatory remarks were offensive and pervasive.

33. In May of 2018, Plaintiff formally complained to Spire HR. However, HR did nothing to remediate the situation and Plaintiff was forced to endure the discriminatory abuse on a daily basis for almost a year after he complained. Because nothing was happening with the investigation and the discrimination was only growing worse, Plaintiff was forced to reach out to HR again in September, 2018. However, again, Plaintiff was forced to endure the disparate treatment and harassment for an additional six months until HR finally confirmed that Plaintiff was experiencing discrimination and transferred Wall in April, 2019. However, after Wall was moved, Plaintiff's other supervisor, Shay, began retaliating against him.

34. Spire, through the conduct of its agents, has violated Plaintiff's rights under the ADEA.

35. Spire is liable for the actions and/or inactions of its managers and agents.

36. As a result of Defendants' actions, Plaintiff has suffered extreme harm including, but not limited to, loss of employment opportunities, pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## COUNTS III & IV
### Count III - Age Discrimination - Retaliation
### Count IV - Age Discrimination - Retaliatory Hostile Work Environment
### Pursuant to 29 U.S.C. § 621, et seq.
### All Defendants

37. Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set forth herein and further states as follows:

38. Plaintiff is fifty-nine (59) years old.

39. Plaintiff had been an employee of Defendants for over fourteen (14) years.

40. Plaintiff began experiencing discrimination when Rob Wall became his supervisor and immediately began referring to Plaintiff as "old man" and "geritol". Plaintiff told Wall that he needed to stop but Wall continued. Wall did not call other employees younger than the age of forty the names that he used toward Plaintiff. Wall's discriminatory remarks were offensive and pervasive.

41. In May of 2018, Plaintiff formally complained to Spire HR. However, HR did nothing to remediate the situation and Plaintiff was forced to endure the discriminatory abuse on a daily basis for almost a year after he complained. Because nothing was happening with the investigation and the discrimination was only growing worse, Plaintiff was forced to reach out to HR again in September, 2018. Around this time, Plaintiff was made aware that Wall knew about his complaints to HR. Wall began excluding and ignoring Plaintiff, and he began to only speak with Plaintiff's helper, although Plaintiff was the Lead Man. Wall began looking for reasons to discipline Plaintiff and increased his name calling of Plaintiff.

42. The retaliatory and discriminatory abuse grew to the point where Plaintiff was forced to seek counseling. Plaintiff was forced to endure the disparate treatment and harassment for an

additional six months until HR finally confirmed that Plaintiff was experiencing discrimination and transferred Wall in April, 2019.

43. However, after Wall was moved, Plaintiff's other supervisor, Shay, began retaliating against Plaintiff due to the protected activity he had engaged in when he complained about the disparate treatment and harassment from Wall. Shay began to treat Plaintiff with suspicion, intense scrutiny of his work performance, and began to write unwarranted disciplinary actions in an attempt to set Plaintiff up for termination or force him to leave because he had complained on Wall. Shay did not treat other employees who had not engaged in protected activity in this manner.

44. Spire, through the conduct of its agents, has violated Plaintiff's rights under the ADEA.

45. Spire is liable for the actions and/or inactions of its managers and agents.

46. As a result of Defendants' actions, Plaintiff has suffered extreme harm including, but not limited to, loss of employment opportunities, pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

**COUNTS V & VI**
**Count V - Failure to Accommodate**
**Title I of the Americans with Disabilities Act**
**42 U.S.C. § 12101, et seq.**
**Count VI - Failure to Accommodate - § 504 Rehabilitation Act**
**29 U.S.C. 701, et seq.**
**All Defendants**

47. Plaintiff re-alleges and incorporates by reference the above paragraphs with the same force and effect as if fully set forth herein and further states as follows:

48. Plaintiff is a qualified individual with a disability within the meaning of Section 101(8) of the Americans With Disabilities Act, Title 42 U.S.C. §12111(8), in that Plaintiff is an

individual with a disability who, with or without a reasonable accommodation, was capable of performing the essential functions of his position. Plaintiff was a Diabetic in need of an accommodation due to physical impairments that constituted or resulted in substantial impediments to his employment and, as such, was an individual with a disability as defined under Section 504. *See* 29 USCS § 705(9). Plaintiff has physical and/or mental impairments that substantially limit major life activities, including, but not limited to, lifting his arms for extended periods of time, lifting and holding things. 42 USCS §12102.

49. In late 2017, Plaintiff had to have surgery. Plaintiff was ordered on light duty by his doctor and he made the company aware - Plaintiff further made the company aware that he was diagnosed with diabetes. However, despite placing the company on notice and requesting an accommodation, Wall forced Plaintiff to perform hard labor including painting and pressure washing a parking lot. Wall's actions further aggravated Plaintiff's injury and the pain and adverse affects linger to this day - Wall's acts were a willful failure to accommodate Plaintiff's disability that affected Plaintiff moving his arms and lifting or holding things, ie major life activities. At no time after Plaintiff requested an accommodation was one given to him. Plaintiff continued to seek an accommodation on at least a monthly basis but to no avail.

50. The operations of Spire constitute a "program or activity" as defined under 29 U.S.C. 794, in that it is a corporation that receives federal financial assistance, including, but not limited to, financial assistance, federal contract assistance, contract set asides, resources and/or training.

51. Section 504 requires that recipients of federal assistance reasonably accommodate persons with disabilities in accordance with the standards applied under Title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.). 29 USCS § 794(d).

52. Furthermore, as a recipient of federal financial assistance, Spire was obligated to obey nondiscrimination policies set forth by the Federal Government. *See* 13 CFR 113.1(a). However, as demonstrated above, Spire did not follow those requirements.

53. Spire was aware of Plaintiff's disability and his requests for accommodation. Spire failed to reasonably accommodate Plaintiff.

54. Rather, Plaintiff's supervisor retaliated against him after he requested an accommodation by forcing him to do manual labor including pressure washing and painting for extended periods of time.

55. Defendant is liable for the actions and/or inactions of its managers and agents.

56. As a result of Defendants' actions, Plaintiff has suffered extreme harm including, but not limited to, loss of employment opportunities, and injury including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court will assume jurisdiction of this action and, after trial, provide relief as follows:

1. Issue a declaratory judgment that the employment practices, policies, procedures, conditions and customs that led to the discrimination by Defendants is violative of the rights of Plaintiff as secured by the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; 42 U.S.C. § 12101, et seq., known as Title I of the Americans with Disabilities Act (ADA); and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants and at Defendants' request from

continuing to violate the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq.; 42 U.S.C. § 12101, et seq., known as Title I of the Americans with Disabilities Act (ADA); and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

3.  Enter an Order requiring Defendants to make Plaintiff whole by awarding Plaintiff any back-pay (plus interest), any reinstatement or front-pay in lieu thereof, any compensation for loss of wages and benefits, any lost seniority, and any lost pension benefits and nominal, compensatory and punitive damages.

4.  Plaintiff further prays for such other and further relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees, and expenses incurred by this ligation.

5.  Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged in this suit, and this action for injunctive, declaratory and other relief, is the only means of securing adequate relief.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY
ON ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,

*Sidney Jackson*
Samuel Fisher
Sidney M. Jackson
*Attorneys for the Plaintiff*
**WIGGINS, CHILDS, PANTAZIS, FISHER
& GOLDFARB, LLC**
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

**Notice of Lawsuit and Request for Waiver of Service to Be Sent by Certified Mail to the Following:**

Spire Alabama, Inc.
c/o Incorp Services Inc
4142 Carmichael Road
Montgomery, AL 36106

Spire, Inc.
c/o David Abernathy, General Counsel
700 Market St.
Saint Louis, MO 63101